IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JACK KNIGHT                                                                                          PLAINTIFF

4:20cv01071-BRW-JJV

ANDREW SAUL, Commissioner,
Social Security Administration                                                         DEFENDANT

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Billy Roy Wilson. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

## RECOMMENDED DISPOSITION

Plaintiff, Jack Knight, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits. Both parties have submitted briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see*

*also* 42 U.S.C. §§ 405(g), 1383(c)(3).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.  *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).  After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and recommend the Complaint be DISMISSED.

Plaintiff was fifty years old at the time of the administrative hearing.  (Tr. 80.)  He is a high school graduate (*id.*) and has past relevant work as boiler maker/welder.  (Tr. 29.)

The ALJ[1] found Mr. Knight had not engaged in substantial gainful activity since October 24, 2018, the alleged onset date.  (Tr. 23.)  He has "severe" impairments in the form of diabetes mellitus, polyneuropathy, morbid obesity, hyperlipidemia, and degenerative disc disease /degenerative joint disease of the lumbar spine (with radiculopathy).  (Id.) The ALJ further found Mr. Knight did not have an impairment or combination of impairments meeting or equaling

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2]  (Tr. 25.)

The ALJ determined Mr. Knight had the residual functional capacity to perform a reduced range of light work given his physical impairments.  (Tr. 26.)  Based on the residual functional capacity assessment, the ALJ determined Mr. Knight could no longer perform his past relevant work.  (Tr. 29.)  The ALJ utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite his impairments.  Based on the testimony of the vocational expert, (Tr. 98-101), the ALJ determined he could perform the jobs of price tag ticketer and routing clerk.  (Tr. 30.)  Accordingly, the ALJ determined Mr. Knight was not disabled.  (Tr. 31.)

The Appeals Council received additional evidence and then denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner.  (Tr. 1-5.)  Plaintiff filed the instant Complaint initiating this appeal.  (Doc. No. 2.)

In support of his Complaint, Plaintiff contends the ALJ erred in failing to consider the combined effects of his impairments.  (Doc. No. 12 at 11-14.)  When considering Plaintiff's diabetes - which is one of his most significant impairments – the ALJ stated:

> Generally, diabetes mellitus "meets" the requirements of a listing if there is another impairment that, by itself, meets the requirements of a listing, or an impairment, that in *combination* with diabetes mellitus, meets the requirements of a listing. In this case, the claimant's diabetes mellitus, either alone or in *combination* with the claimant's other impairments, is not of listing level severity. The undersigned has specifically looked at listings 2.00 and 11.00, but the claimant does not have listing level diabetic retinopathy or diabetic neuropathy.

(Tr. 25)(emphasis added.)

The ALJ further stated:
There is no listing for obesity (SSR 02-1p). Generally, obesity "meets" the requirements of a listing if there is another impairment that, by itself, meets the requirements of a listing, or an impairment that, in *combination* with obesity, meets the requirements of a listing. Alternatively, obesity, by itself, may be medically

---

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

>  equivalent to a listed impairment, if, for example the obesity is of such a level that it results in an inability to ambulate effectively. Finally, there may be multiple impairments, including obesity, none of which meets or equals the requirements of a listing, but the *combination* of impairments causes signs, symptoms, and laboratory findings that are of equal medical significance to one of the listings. In this case, the claimant's obesity, either alone or in *combination* with the claimant's other impairments, is not of listing level severity. Specifically, the claimant retains the ability to ambulate effectively, and similarly, the claimant's other listed severe impairments, although worsened by the claimant's obesity, are not of listing level severity.

(*Id.*)(emphasis added.)

The ALJ also set out his analysis stating, "Disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment *or combination of impairments* that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months." (Tr. 21)(emphasis added.)  While I recognize that some of the language in these opinions can seem perfunctory, I find the ALJ fairly considered the combined effects of Plaintiff's impairments in this case.  The ALJ gave considerable consideration to the medical evidence of record when making his determination.  (Tr. 26-27.)  Accordingly, I find no reversible error here.

With regard to Mr. Knight's argument regarding the ALJ's residual functional capacity assessment, (Doc. No. 12 at 17-18), I also find no error.  Plaintiff's most recent treatment notes reveal nothing disabling.  His examinations were fairly normal and his doctor recommended weight loss and exercise.  (Tr. 42, 28-29, 56-57.)  Earlier examination notes also failed to show any disabling condition.  (Tr. 295-296, 323-324, 420-421.)  Plaintiff's MRI of his back only showed minor anomalies.  (Tr. 405.)

Mr. Knight's doctors were also clearly concerned with his noncompliance regarding his medication.  (Tr. 42, 50.)  Failure to follow a prescribed course of remedial treatment without

good cause is grounds for denying an application for benefits. *Guilliams v. Barnhart*, 393 F.3d 798, 803 (8th Cir. 2005); *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995); *Johnson v. Bowen*, 866 F.2d 274, 275 (8th Cir. 1989); s*ee also* 20 C.F.R. §§ 404.1530 & 416.930 ("In order to get benefits, you must follow treatment prescribed by your physician if this treatment can restore your ability to work.").

Plaintiff also argues that the ALJ incorrectly assessed his subjective symptoms. (Doc. No. 12 at 14-16.) The ALJ analyzed Mr. Knight's symptoms in light of Social Security Ruling 16-3p. (Tr. 27-29.) That ruling fairly tracks *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), which states:

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> 1. the claimant's daily activities;
> 2. the duration, frequency and intensity of the pain;
> 3. precipitating and aggravating factors;
> 4. dosage, effectiveness and side effects of medication;
> 5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints solely on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Polaski v. Heckler*, 739 F.2d at 1322 (emphasis in original).

I find the ALJ fairly evaluated Plaintiff's subjective complaints. As previously noted, the record reveals that the degree of Plaintiff's subjective complaints of pain and limitation were

not consistent with his doctor's objective findings on examination.  (*See e.g.* Tr. 48-49, 56-57.) Plaintiff's doctors also only prescribed conservative treatment.

As the ALJ concluded, "In the judgment of the Administrative Law Judge, the symptomatology suffered by the claimant is not of a duration, frequency or intensity as to be disabling, nor would it preclude the performance of light work, with the additional limitations previously described."  (Tr. 29.)  The ALJ's conclusion is supported by the objective medical evidence.

The degree of Mr. Knight's alleged limitation is simply not supported by the overall record. The ALJ accurately accounted for the limitations supported by the record and correctly concluded Plaintiff could perform a reduced range of light work activities.   Accordingly, I find no basis to overturn the ALJ's subjective symptom evaluation or RFC.

Given this limited review, second-guessing an ALJ's assessment of subjective symptoms is an agonizing task.   Mr. Knight clearly has limitations and some serious health issues. However, being mindful of the "substantial evidence" test in these cases, the record contains adequate objective medical evidence to support the ALJ's determination here.

Lastly, Mr. Knight argues that the ALJ failed to develop the record.   (Doc. 12 at 18-19.) He says, "Specifically, the ALJ failed to order any ophthalmologic consultation to more fully determine the extent and limiting effects of Mr. Knight's diabetic retinopathy and nerve palsy in his right eye."   (*Id.*) "While an ALJ should recontact a treating or consulting physician if a critical issue is undeveloped, the ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled." *Martise v. Astrue*, 641 F.3d 909, 926–27 (8th Cir. 2011) (internal citations and quotations omitted). Plaintiff bears a heavy burden in showing the record has been

inadequately developed. He must show both a failure to develop necessary evidence and unfairness or prejudice from that failure. *Combs v. Astrue*, 243 Fed.Appx. 200, 204 (8th Cir. 2007). Plaintiff has shown neither. The ALJ is permitted to issue a decision without obtaining additional evidence as long as the record is sufficient to make an informed decision. *E.g., Haley v. Massanari*, 258 F.3d 742, 749 (8th Cir. 2001); *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995). In this case, the record contains ample medical records to support the ALJ's decision that Plaintiff is capable of performing light work.

Moreover, Plaintiff is reminded he had the burden of proving his disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, he bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991).

Plaintiff clearly suffers from some degree of pain and limitation. And his counsel has done an admirable job advocating for his rights in this case. However, the objective medical records simply fail to support a claim of *complete disability*.

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382(a)(3)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996);

*Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 5th day of April 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE